﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/21 Archive Date: 03/31/21

DOCKET NO. 201113-127316
DATE: March 31, 2021

ORDER

Entitlement to service connection for gout is granted.

FINDING OF FACT

The Veteran’s gout is proximately due to treatment for his service-connected Meniere’s Disease and alcohol dependency.

CONCLUSION OF LAW

The criteria for service connection for gout as secondary to service-connected Meniere’s Disease and service-connected alcohol dependency are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from May 2000 to August 2000 and from March 2003 to June 2003.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105 (2017) (to be codified as amended in scattered sections of 38 U.S.C.), also known as the Appeals Modernization Act (AMA). The AMA creates a new framework for veterans dissatisfied with Department of Veterans Affairs’ (VA) decisions on their claims to seek review.

In June 2020, the Veteran sought readjudication of his claim for service connection for gout. In an October 2020 rating decision, the Agency of Original Jurisdiction (AOJ) determined that the Veteran had submitted new and relevant evidence and readjudication of his claim was warranted. That favorable finding is binding on the Board. 38 C.F.R. § 3.104(c). The AOJ further determined that service connection for gout was not warranted because gout was not proximately due to any of the Veteran’s service-connected disabilities, to include Meniere’s Disease, PTSD, and/or alcohol dependency. In November 2020, the Veteran initiated an appeal to the Board of Veterans’ Appeals (the Board), filing a Decision Review Request: Board Appeal (Notice of Disagreement). The Veteran opted for the Board’s Evidence Docket. Accordingly, the Board’s review encompasses the evidence of record at the time of the October 2020 rating decision and any evidence submitted by the Veteran within 90 days of his November 2020 Notice of Disagreement. See id. § 20.303. 

1. Entitlement to Service Connection for Gout

Service connection may be established on a secondary basis for a disability that is proximately due to, or the result of, a service-connected disability. 38 C.F.R. § 3.310(a). Secondary service connection may be established for a disorder that is caused or aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 447-48 (1995). To establish secondary service connection, the record must show: (1) evidence of a current disability; (2) evidence of a service-connected disability; and (3) a connection between the service-connected disability and the current disability. See Allen, 7 Vet. App. at. 448.

 Aggravation need not be permanent in nature. Ward v. Wilkie, 31 Vet. App. 233, 241-42 (2019). Rather, secondary service connection is warranted for “any incremental increase in disability any additional impairment of earning capacity in non-service-connected disabilities resulting from service-connected conditions, above the degree of disability existing before the increase regardless of its permanence.” See id. at 239 (citing Allen v. Brown, 7 Vet. App. 439, 448 (1995)).

In the October 2020 rating decision, the AOJ favorably found a current diagnosis for gout, and that service connection was established for PTSD, alcohol dependency, and Meniere’s Disease. Those favorable findings are binding on the Board, 38 C.F.R. § 3.104(c).

Thus, the question for the Board is whether gout is proximately due to or aggravated by the Veteran’s service-connected disabilities. The Board concludes that the weight of the evidence shows that the Veteran’s gout is proximately due to his service-connected alcohol dependency and his treatment for his service-connected Meniere’s disease. 

In an October 2020 letter, the Veteran’s spouse, who is also a Registered Nurse, opined that his daily intake of the diuretics used to treat Meniere’s Disease increases the likelihood of developing gout. She cited the Centers for Disease Control and Prevention (CDC) in support of that opinion, including a printout of the online resource with her letter. It indeed supports her opinion. She further opines that alcohol consumption, an ongoing problem on which the Veteran continues to experience, similarly increases one’s likelihood of developing gout. She concluded that the combined effect of treatment for Meniere’s Disease and the consumption of alcohol combined result in the Veteran’s gout. The CDC material similarly supports a relationship between alcohol consumption and gout. J.K. is competent to proffer an opinion, and the Board concludes that it is probative of an etiological relationship between gout and his service-connected alcohol dependency and Meniere’s Disease. J.K.’s letter includes a rationale explaining the basis for her opinion that is based on known risk factors for developing gout.

In addition, the Veteran submitted treatment October 2020 treatment records in which his treatment for Meniere’s Disease was suspended because the Veteran development gout. This is consistent with J.K.’s opinion and weighs in favor of the Veteran’s claim.

In light of the foregoing, entitlement to service connection for gout, secondary to service-connected Meniere’s Disease and alcohol dependency, is granted.

In reaching this conclusion, the Board notes a negative etiological opinion from an October2020 VA examination. The examination, however, is not adequate. The examiner, in opining on the etiology of gout, did not consider whether the Veteran’s service-connected disabilities aggravated the Veteran’s gout. In addition, the examination report identifies alcohol consumption as a known risk factor for developing gout but did not consider whether the Veteran’s service-connected alcohol dependency was the proximate cause of or aggravated the Veteran’s gout. Due to these omissions, the October 2020 VA examination is inadequate.

 

 

MICHAEL A. HERMAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Douglas M. Humphrey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.